Law Library

IN THE SUPERIOR COURT OF GUAM FILED

702 FEB 10 [illegible]

SUPERIOR COURT
OF GUAM

PEOPLE OF GUAM, )   CRIMINAL CASE NO. CM1075-10
                   )
        vs.        )   **DECISION AND ORDER**
                   )   (Motion to Dismiss)
MEEKE DORIS NENA,  )
                   )
              Defendant.)

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on December 22, 2011 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Ana Maria C. Gayle. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein now renders the following decision.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo*, 2011 Guam 14 (hereinafter referred to as *Rasauo II*), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on November 9, 2010 and given a notice to appear with a date of October 26, 2011. On November 29, 2010, the Complaint was filed and a Summons was issued on December 14, 2010, for an arraignment scheduled for January 12, 2011. After forty-four (44) days had passed from the filing of the Complaint, Defendant appeared and was appointed counsel at the January 12, 2011 hearing. In order to provide Defendant the opportunity to meet

and confer with counsel, the arraignment was continued until February 9, 2011, twenty-nine (29) days later. On February 9, 2011, the assigned counsel withdrew and Defendant was appointed new counsel. The arraignment was continued again until March 9, 2011, or twenty-eight (28) days later, to provide Defendant the opportunity to meet and confer with counsel. Defendant was finally arraigned on March 9, 2011, which is more than sixty (60) days after the Complaint was filed.

The time between the Complaint and the first appearance on January 12, 2011 does not violate the 60 day rule announced in *Rasauo II*. However, the Court must determine if the time between January 26, 2011 and March 9, 2011 constitutes good cause or if this case must be dismissed for the 60 day rule violation. In particular, the Court must review what days, if any, after January 10, 2011[2] constitute "good cause" under *Rasauo II*. More specifically, the Court must determine if the time the Court allows a defendant to meet and confer with counsel prior to being arraigned is reasonable and constitutes good cause.

Title 8 Guam Code Annotated section 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing this with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. *Hamilton v. Alabama*, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. *See e.g. Huston v. Com.*, 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo*, 2011 Guam 1, are not present when a defendant is appointed counsel and the delay between the Complaint and the arraignment is partially attributed to the time necessary for a defendant to meet and confer with his appointed attorney. 2011 Guam 1 ¶ 53(quoted by *Rasauo*, 2011 Guam 14 ¶ 10).

The Office of the Attorney General has argued in several cases that any delay of arraignment occasioned by a continuance granted by the magistrate court should be excused for good cause, and that this time should not be charged against the People. The Court disagrees

---

[1] This holding is hereinafter referred to as the "60 day rule."

that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II. Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers … to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See also People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012). Further, the Court rejects the contention that any length of delays caused by the time provided to a defendant to meet and confer with an attorney is automatically good cause. The Court finds that a reasonable amount of delay attributed to the time a defendant needs to meet and confer with an attorney is good cause for purposes of the 60 day rule. *Cf. Flores*, 2009 Guam 22 ¶ 38.

In this case, Defendant's Motion did not address if any delay attributed to time for the Defendant to meet and confer with counsel is good cause[3]. Instead, Defendant's Motion argues that no good cause exists for the violation of the 60 day rule in this case.

The Court finds that twenty-nine (29) or twenty-eight (28) days are not, by themselves, an excessive amount of time for a court to provide a defendant to meet and confer with his attorney prior to being arraigned. Since the onus is on all judicial officers and the prosecuting attorneys to ensure that a defendant is promptly arraigned, the Court holds that reasonable time, in the context of a continued arraignment after a defendant is appointed counsel, means no more than thirty (30) days[4]. 8 GCA § 80.50(a). While fifty-seven (57) days is a long delay, especially when added to the forty-four (44) days prior to Defendant's first appearance, nonetheless, the Court assumes that the first appointed counsel was unable to meet and ensure that Defendant had the proper understanding and appreciation of the significance of the arraignment. Hence, it is appropriate to allow Defendant sufficient time to meet and confer with the newly appointed counsel, who does not have a conflict. Thus, the delay in this case is not unreasonable, and this

---

[2] The sixtieth day falls on Saturday, January 8, 2011; thus pursuant to 8 GCA § 1.25(a) the end of the 60 day rule is January 10, 2011.

[3] This issue was raised orally by other Defense attorneys and Defendant orally joined, but this argument is not raised in the written Motion.

case should be not be dismissed for the violation of the 60 day rule.

For all of the foregoing reasons, since there is good cause shown for the entire duration of the violation of the 60 day rule, Defendant's Motion is DENIED. A change of plea shall occur as scheduled on Monday, February 13, 2012 at 2:30 p.m.

**IT IS SO ORDERED** this 10th of February, 2012.

_____
**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

FEB 1 3 2012

_____
Valeric J. Mendiola
Deputy Clerk, Superior Court of Guam

---

[4] The Court encourages the arraignment judge to consider only granting continuances for a defendant to meet with appointed counsel of two (2) weeks or less in light of the *Rasauo II* decision; however, the Court accepts that up to thirty (30) days is reasonable.